## STAHL *a*. CHARLES.

*Supreme Court, Second District; Special Term, November,* 1857.

### JUDICIAL SALE.—RESALE.

Under what circumstances and on what terms a resale of property sold at a judicial sale will be ordered.

Motion to open a sale on foreclosure and for a resale.

The motion was twofold : one made by the defendant Elliott, who was joined as guarantor of the mortgage, and against whom the plaintiff was proceeding to enforce the payment of a defi-

ciency upon the sale ; the other, a motion on behalf of the plaintiff on the ground of surprise at the sale. It appeared by the affidavit of Mr. Elliott that he had no notice of the sale, and had been misled by the statement of a co-defendant that the suit had been settled. The facts in relation to the motion of the plaintiff sufficiently appear in the opinion of the court.

*Lyman Abbott*, for the motion, cited the following authorities:—Lansing *v.* McPherson, 3 *Johns. Ch.*, 424; Collier *v.* Whipple, 13 *Wend.*, 24 ; Williamson *v.* Dale, 3 *Johns. Ch.*, 270 ; Tripp *v.* Cook, 26 *Wend.*, 143 ; Thompson *v.* Mount, 1 *Barb.*, 607 ; Merchants' Insurance Company *v.* Hinman, 3 *Abbotts' Pr. R.*, 455 ; Requa *v.* Rea, 2 *Paige*, 339 ; Lefevre *v.* Laraway, 22 *Barb.*, 167 ; Billington *v.* Forbes, 10 *Paige*, 487–8 ; Wharton *v.* Thatcher, cited in 1 *Barb. Pr.*, 539 ; Ames *v.* Lockwood, 13 *How. Pr. R.*, 555.

*G. G. Reynolds*, opposed, cited *Barb. Ch. Pr.*, 537–40 ; Duncan *v.* Dodd, 2 *Paige*, 100 ; American Insurance Company *v.* Oakley, 9 *Paige*, 259 ; Tripp *v.* Cook, 26 *Wend.*, 142 ; Williamson *v.* Dale, 3 *Johns. Ch. R.*, 290–92 ; Thompson *v.* Mount, 1 *Barb.*, 607.

BIRDSEYE, J.—The sale in this case cannot be set aside on the ground of inadequacy of price, though that was very considerable. But I think it ought to be set aside within the cases that have been decided on the ground of surprise and misapprehension, created by the conduct of the officer who conducted the sale. (See 22 *Barb.*, 173, and cases there cited.)

The agent of the plaintiff attended at the time and place appointed for the sale, in order to procure a postponement of the sale, and to give the sheriff conducting it directions not to allow the property to be sold to any person other than the plaintiff, for less than the amount of the judgment and costs. The agent was induced by the sheriff to relinquish the idea of postponement, and to proceed at that time to the sale. The reason urged by the sheriff for allowing the sale to be then had was, that the agent of Cone (who subsequently purchased) was present, and that the premises would probably sell well.

The amount due to the plaintiff for principal, interest, and

costs, together with the expenses of sale, was about $1650. The plaintiff's agent instructed the sheriff not to sell the property for less than that sum to any one except the plaintiff, and also requested the sheriff to communicate such instructions to the auctioneer. The sheriff agreed to do so, and agreed to see to it, and stated that the auctioneer would not sell without his knowing it. The sheriff directed the plaintiff's agent to bid for the plaintiff. These facts appear upon the affidavits, both of the agent and the sheriff.

The sale proceeded, and the property was·struck off to Cone for $1450. But neither the plaintiff's agent, nor the sheriff, heard Cone's bid. They both supposed that the bid accepted was made by Titcomb for the benefit of the plaintiff, and the purchaser was so informed the moment the auctioneer's hammer fell. The mistake was explained to him; the instructions given to the sheriff were communicated to him, and he was requested tó waive the bid, and allow the sale to proceed. This request was refused. I think it should have been granted; and the sheriff and auctioneer might properly have interfered, and have put up the property again for sale, so that by an actual competition, free from surprise or misapprehension, the fair value of the premises might have been obtained.

That this was not done, is abundantly obvious. Nor do I doubt that the court has the power, and is bound to interfere.

It is true there was some inattention on the part of the plaintiff's agent; but the sheriff had previously assured him that the property should not be sold for less than $1650 to any person but the plaintiff. The agent relied on this assurance. It became thus a case of misapprehension, rather than of neglect, on the part of the plaintiff; and as the mistake was made known so instantaneously, while all the means existed for correcting it forthwith, and before the purchaser signed the memorandum of purchase, or paid his deposit, I cannot see what equity the purchaser has to retain the bid. It was the fruit of a momentary mistake or misapprehension. It would be unwarrantably harsh, by reason of such a misapprehension, to impose on the plaintiff the danger of losing a part of his debt, or on the guarantor, Elliott, the burden of paying the deficiency.

On the next day after the sale, the plaintiff's attorney applied to the purchaser, and requested him to reopen the sale; offering,

if that was done, to guaranty that the premises should produce $1650 on the new sale, and to repay at once the deposit, with interest, costs, and damages. But this offer was refused.

Some time elapsed, after this offer, before the papers for the present motion were served ; and during that interval, the purchaser may have incurred expenses in examining the title, and preparing to complete his purchase.

The plaintiff's motion to set aside the sale must, therefore, be granted, on condition that he repay to the purchaser the amount of his deposit, with interest, and the fees paid to the auctioneer, together with interest on such sum as he may have provided and kept in reserve for the completion of his purchase, and the costs of opposing this motion, $10 ; and such disbursements as were paid or incurred in examining the title, before notice of this motion was given. Or in case the purchaser shall consent to pay upon his purchase such further sum as shall be sufficient to satisfy the amount which was due to the plaintiff on the day of the former sale, for principal, interest, and costs, with the expenses of that sale, deducting the sum of $10 for costs of opposing this motion, the motion to set aside the sale must be denied, and the sale must stand. If the purchaser elects to have the sale stand on these terms, he may have thirty days to complete his purchase, after the entry of this order : notice of such election to be given to the plaintiff's attorney within five days after the service of this order.